STATE *vs.* JAMES E. GRAMES, appellant.

Cumberland.    Decided September 23, 1878.

*Intoxicating liquors.   Search and seizure.*

A traveling rumseller, carrying intoxicating liquors on his person and selling the same, is liable for single sales or may be indicted as a common seller.

The search and seizure process under the statute relating to intoxicating liquors, applies only against liquors in a place and not against them on a person.

The statutes against the sale of intoxicating liquors do not authorize the search and seizure process against a person.

ON REPORT, from the superior court.

SEARCH AND SEIZURE PROCESS, against the person, on complaint made and sworn to before the judge of the municipal court for the city of Portland, and of the form following :

" L. T. Chase, of Portland, in said county, competent to be a witness in civil suits, on the twenty-ninth day of March, A. D. 1878, in behalf of said state, on oath complains that he believes that on the twenty-eighth day of March in said year, at said Portland, intoxicating liquors were kept and deposited by James E. Grames, of Portland, in said county, upon his person, said James E. Grames not being then and there authorized by law to sell said liquors within said state, and that said liquors then and there were

intended for sale in this state by said James E. Grames in violation of law, against the peace of the state and contrary to the statute in such case made and provided.

"And the said L. T. Chase on oath further complains that he, the said L. T. Chase, at Portland, on the twenty-eighth day of March, A. D. 1878, being then and there an officer, to wit, a deputy sheriff, within and for said county, duly qualified and authorized by law to seize intoxicating liquors kept and deposited for unlawful sale, and the vessels containing them, by virtue of a warrant therefor, issued in conformity with the provisions of law, did find upon the person of the above named James E. Grames one bottle containing about one-half pint of rum, one bottle containing about one pint of whiskey, intoxicating liquors as aforesaid, and vessels containing the same, then and there kept, deposited and intended for unlawful sale as aforesaid, within this state, by said James E. Grames, and did then and there, by virtue of this authority as a deputy sheriff as aforesaid, seize the above described intoxicating liquors and the vessels containing the same, to be kept in some safe place for a reasonable time, and hath since kept and does still keep the said liquors and vessels, to procure a warrant to seize the same.

"He therefore prays that due process be issued to seize said liquors and vessels, and them safely keep until final action and decision be had thereon, and that said James E. Grames be forthwith apprehended and held to answer to said complaint, and to do and receive such sentence as may be awarded against him."

On this complaint a warrant was issued, and the officer made return as follows: "Cumberland, ss. March 29, 1878. By virtue of the within warrant, I have seized the following described liquors, with the vessels in which they are contained, viz: One bottle containing about one pint of whiskey, one bottle containing about one-half pint of rum. And I have arrested the within named Grames this 29 day of March, A. D. 1878, and have him before the court for trial."

The defendant seasonably moved to dismiss the complaint, and thereupon the question of the sufficiency of the complaint was by agreement reserved for the determination of the law court.

*C. F. Libby*, county attorney, for the state, said this was not a question in regard to the liquors, for they were already forfeited, but in regard to the person; and an offense against the statute being set out in the complaint, it should not be quashed. The complaint is in the usual form, alleging the belief of the complainant as to the keeping of the liquors for illegal sale by the respondent " at said Portland," but, instead of describing a shop or building, as is usually the case, says, " upon his person." The defendant is prosecuted under c. 27, § 33, which provides " no person shall deposit or have in his possession any intoxicating liquors with intent to sell the same in this state in violation of law." Having liquors upon his person is having them in his possession, and, if intended for unlawful sale as alleged, the offense is complete.

The fact that they were intended for sale in the highway instead of a building is no defense under the law. A peripatetic liquor dealer is not favored by the statute.

*M. P. Frank*, said that the officer, not being authorized to seize liquors upon the person with a search and seizure warrant, was not authorized to seize them without a warrant, and that a complaint and warrant for search and seizure after such illegal seizure by the officer, was unauthorized and void.

APPLETON, C. J.   The complaint in this case alleges a finding, by the complainant, a deputy sheriff, of liquors intended for sale in this state in violation of law upon the person of the defendant, a seizure of the same and the subsequent making of a complaint and issuing of a warrant against the defendant, upon which he was arrested.

A traveling rumseller is undoubtedly liable for a single sale. He may be indicted as a common seller. The questions here presented are whether liquors may be seized, without a warrant, on his person, and whether he is liable under any existing statute to the search and seizure process.

The seizure was without warrant. By R. S., c. 27, § 34, it is provided that " in all cases where an officer is authorized to seize intoxicating liquors by virtue of a warrant, he may seize the same without a warrant."

The question then arises, in what cases is the officer authorized to seize intoxicating liquors intended for sale within this state in violation of law by virtue of a warrant duly issued.

The answer to this inquiry is to be found in § 35, which pro vides that if any competent witness "shall make complaint upon oath or affirmation before any judge of any municipal or police court, or trial justice, that he believes intoxicating liquors are unlawfully kept or deposited in any place in this state by any person or persons, and that said liquors are intended for sale within this state in violation of law, such magistrate shall issue his warrant, directed to any officer having power to serve criminal process, commanding such officer to search the premises described and specially designated in such complaint and warrant, and, if such intoxicating liquors are there, to seize the same with the vessels in which they are contained. . . . The name of the person so as aforesaid keeping said liquors, if known to the complainant, shall be stated in such complaint, and the officer shall be commanded by said warrant, if he shall find said liquors, to arrest such person or persons, and have him or them forthwith before such magistrate for trial."

The complaint must allege a "place in this state" where intoxicating liquors are "unlawfully kept and deposited" by a person or persons and "intended for sale within this state in violation of law." The liquors are to be kept and deposited *by*, not kept and deposited *upon* a person or persons. The person or persons unlawfully keeping and depositing, and the place where the unlawfully kept and deposited liquors are to be found, are obviously separate and distinct. It is one thing to find liquors in a place, and a very different thing to find them upon a person. A place to be searched is not a person to be searched. "Premises described and specially designated" in a complaint and warrant cannot, by any reasonable use of language, be held to apply to a person or persons. It is apparent that § 35 does not authorize the search of a person with a warrant. It follows, therefore, that an officer cannot without warrant seize intoxicating liquors from the person, under § 34.

By c. 63, § 5, of the acts of 1872, § 35 was amended so

as to read as follows: "If any person competent to be a witness in civil suits shall make complaint upon oath or affirmation before any judge of any municipal or police court, or trial justice, that he believes intoxicating liquors are unlawfully kept or deposited in any place in the state by any person or persons, and that said liquors are intended for sale within this state in violation of law, such magistrate shall issue his warrant, directed to any officer having power to serve criminal process, commanding such officer to search the premises described and specially designated in such complaint and warrant, and, if such intoxicating liquors are there found, to seize the same with the vessels in which they are contained, and them safely keep until final action on the same, and make immediate return of said warrant. The name of the person so keeping as aforesaid said liquors, if known to the complainant, shall be stated in such complaint, and the officer shall be commanded by said warrant, if he shall find said liquors, or shall have reason to believe such person has concealed them about his or her person, to arrest such person or persons and have him or them before such magistrate for trial," etc.

It will be perceived that the only change in § 35 consists in the interpolation of these words: "or shall have reason to believe such person has concealed them about his or her person."

No arrest is to be made unless the liquors are found on the premises specially designated by the magistrate to be searched, or the officer "shall have reason to believe such person has concealed them about his or her person." But, in the latter alternative, the person may be arrested, but there is no provision for searching him. Besides, there could be no warrant for such search, for the officer has not even sworn to such belief. The belief is one arising after the issue of process, and after a failure to find intoxicating liquors upon due search. The only belief sworn to is that they are kept in some designated place—not concealed upon the person of some designated individual. To search the person would be to search without a previous warrant "supported by oath or affirmation."

This is a search and seizure complaint. No provision is found for issuing such process against liquors concealed upon a person,

or for seizing them without process when so concealed. The peripatetic rumseller is liable for his violations of law, but it is not perceived that he is amenable, or that it was intended that he should be amenable to this process.

*Complaint dismissed.*

WALTON, BARROWS, VIRGIN and LIBBEY, JJ., concurred.