9354

TOWN OF BLACKSBURG v. BEAM.

(88 S. E. 441.)

CRIMINAL LAW—INTOXICATING LIQUORS—ILLEGAL TRANSPORTATION—DISCLOSURE OF OFFENSE BY ILLEGAL SEARCH.—Where the chief of police of a town forcibly and unlawfully, without process, searched defendant's person and took the key to his trunk, which he opened, finding therein whisky bought in another county, defendant could not be convicted, on account of the transaction, of transporting alcoholic liquors, since a citizen may not be arrested and have his person searched by force and without process to secure testimony against him.

Before HON. CHAS. CARROLL SIMMS, special Judge, July, 1915. Affirmed.

Audie Beam was acquitted of the charge of transporting alcoholic liquors, and the Town of Blacksburg appeals.

*Messrs. B. F. Ramsuer* and *Butler & Hall,* for appellant. The latter cite: *As to merits:* 100 S. C. 91; Const., art. I, secs. 13 and 16; Crim. Code, sec. 4; 72 S. C. 104, 109 and 110. *As to right of town to appeal:* 30 S. C. 399; 76 S. C.

FOOTNOTE.—Admissibility against defendant of documents or articles · taken from him by illegal search, see notes in 29 L. R. A. 818, 59 L. R. A. 466, — L. R. A. (N. S.) 1915b, 834, 3 A. & E. Ann. Cas. 354, and 15 A. & E. Ann. Cas. 1205.

39; 66 S. C. 398; 101 S. C. 267.  *Waiver of objection:* 73
S. C. 291; 61 S. C. 141; 70 S. C. 466; 61 S. C. 237.

*Mr. N. W. Hardin,* for respondent, cites: Const., art. I,
sec. 16; 116 U. S. 616; 232 U. S. 394; Crim. Code, secs. 824,
825; 96 S. C. 384; 55 S. C. 240; 19 S. C. 140; 54 S. C. 286.
*Evidence inadmissible:* 98 S. C. 147; Crim. Code 102; Civ.
Code 3008.

March 28, 1916.

The opinion of the Court was delivered by MR. JUSTICE
GAGE.

The defendant was tried by the mayor of Blacksburg for
transporting alcoholic liquors, was found guilty, and was
sentenced to pay a fine of $100, or to serve 30 days at hard
labor on the public works.  The Circuit Court in a formal
order reversed the judgment and dismissed the case.  The
municipal corporation has appealed by seven exceptions, the
first six of which refer back to the exceptions which the
defendant had made to the mayor's judgment, and the
seventh of which is general in character.  The record is
short, and we shall consider the issues which were argued,
and which fairly arise on the record, and without much
regard to formality.

The defendant is a young, white farmer, and lives near
Kings Creek, a few miles out from Blacksburg.  He had
been to Union Courthouse, where he bought the whiskey
from a dispensary; he put the liquor in his trunk, and
checked the trunk to Blacksburg, where he disembarked
from the railroad cars, bought a ticket to Kings Creek
(towards York), and had his trunk rechecked to that place.
Pending his passage from one line of railroad to another,
the chief of police at Blacksburg, without any process,
searched the defendant's person, got therefrom his trunk
key, opened the trunk, and seized the whiskey, arrested and
incarcerated defendant, and only the next morning there-

after procured to be issued a warrant of arrest.   So that it so happened one town in the same Judicial Circuit sold the whiskey to the defendant for a profit, and another town took it from him by force, and flung him in jail for having it in his possession.   We have no doubt but that a conviction under the recited circumstances is unlawful.   Some things are to be more deplored than the unlawful transportation of whiskey; one is the loss of liberty.   Common as the event may be, it is a serious thing to arrest a citizen, and it is a more serious thing to search his person; and he who accomplishes it, must do so in conformity to the laws of the land. There are two reason for this: one to avoid bloodshed, and the other to preserve the liberty of the citizen.   Obedience to law is the bond of society, and the officers set to enforce the law are not exempt from its mandates.

In the instant case the possession of the liquor was the body of the offense; that fact was proven by a forcible and unlawful search of the defendant's person to secure the veritable key to the offense.   It is fundamental that a citizen may not be arrested and have his person searched by force and without process in order to secure testimony against him.   The act of 1908 (25 St. at Large, p. 1089) has no application to the case.   There was no flight by the defendant, and, therefore, no pursuit by the officer, and that act gives no power to search the person.   It is better that the guilty shall escape, rather than another offense shall be committed in the proof of guilt.

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES HYDRICK and WATTS concur in the opinion of the Court.

MR. JUSTICE FRASER, *dissenting*.   I dissent.   I can see how an unlawful arrest can entitle a citizen to discharge from unlawful imprisonment, but not how it can entitle him to an acquittal of an offense which he committed.   I do not

see anything in the record to show that the keys were taken from the person of the defendant. The statement is:

"I arrested him last night, and found keys that belong to the trunk that had the whiskey in it."

There is no statement that the keys were found on, or taken from, the person of the defendant. I do not see anything in the record to show that the State sold the liquor to the defendant. The liquor had dispensary stamps on it. It may be only fair to allow a man who had bought liquor from the State to sell it again, even at a fair profit, but such is not the law. Further, at the time of his arrest, the defendant was engaged in procuring the transportation, by common carrier, of the liquor from a county having a dispensary into a county where there is no dispensary, in violation of section 852, Criminal Code 1912.