COMBY v. STATE.*

(Division A. Feb. 1, 1926.)

[106 So. 827. No. 24733.]

CRIMINAL LAW. *Searches and seizures. Warrant to search person invalid, and liquor found on accused on search thereunder inad-. missible.*

A warrant issued by a justice of the peace to search the person is void, and liquor found on person of accused on search pursuant to such warrant is inadmissible as evidence.

---

*Corpus Juris-Cyc. References; Criminal Law, 16 C. J., p. 571, n. 93.

APPEAL from circuit court of Leake county.

HON. G. E. WILSON, Judge.

Seymour Comby was convicted of having intoxicating liquor in his possession, and he appeals. Reversed and remanded.

*Weir & Triplett,* for appellant.

Section 23 of the Constitution prohibits unlawful . searches and seizures, and section 2088, Hemingway's Code, simply provides that upon the affidavit of any credible person that he has reason to believe, etc., that any intoxicating liquors are being kept, etc., *in any room or building* designated in the affidavit, it shall be the duty of any justice of the peace in the county to issue a search warrant, etc., commanding him to enter the room or building designated, by breaking if necessary. Now it is plainly evident from the reading of the statute that the search of the persons is not authorized nor contemplated by the statute. There is only one way in which a search of the person is authorized and that is where a warrant is issued for the arrest of the person charged with a crime or where he is arrested on a charge of crime committed in the presence of the officer.

The law of search warrants should be strictly construed against the state. *Turner* v. *State,* 133 Miss. 738; *Livelar* v. *State,* 98 Miss. 330.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

The error urged by counsel is that the testimony of the two witnesses for the state should not be admitted in evidence, because obtained by a search of the person of the defendant. Counsel bases his argument on the broad · ground that no search of the person is authorized until after his arrest by an officer. Section 2163e, Supplement to Hemingway's Code, first provides that there shall be no property rights in liquors, bitters, etc., and then proceeds as follows: "And in all such cases, the liquors, bitters, or drinks, as aforesaid, and the said property herein named, except vehicles, conveyances of boats, may be seized by the sheriff or any other lawful officer of the state, and destroyed and rendered useless by him without

any formal order of any court and may be searched for and seized under the laws of this state.''

Here authority was given to the officers to make such search and seizure as that complained of by the defendant. Counsel for defendant in his argument assumes that the search was made solely under authority conferred on the officer by section 2088, Hemingway's Code, and his entire argument is based on this assumption. His premise, therefore, being false, the conclusion reached in his argument must necessarily be wrong.

At the common law, searches of this character were not considered subversive of the rights of the people where the warrant issued upon oath by probable cause, and certainly the framers of our state Constitution did not intend to limit the provision of the common law in this respect.

In *Donovan Moore* v. *State,* 103 So. 486, our court held a search of an automobile was, under our statute so authorizing it, not such an ''unreasonable search'' as to be condemned by this provision of our Constitution, even though in that case the search was made without an affidavit and without a search warrant. Certainly, this is a much stronger case than the case at bar. Here the officer acted under the power conferred on him by the statute and made the affidavit required by law. Upon making the affidavit, the search warrant was issued and the officer served it before any attempt was made to search the person of the defendant. The provisions of the law were followed in every respect and no constitutional right of the defendant was violated.

When we apply the facts in this case to the measuring rule of section 23 of our Constitution, we very readily see that every requirement of this section has been complied with. The search of the person is not prohibited, but only an unreasonable search of the person. Here we have no unreasonable search because the further provisions of section 23 were followed to the letter; that is to say, the warrant issued upon probable cause, supported by affidavit, the place to be searched and the per-

son or thing to be seized being specifically designated in the affidavit and in the warrant.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction for having intoxicating liquor in possession. The evidence on which the conviction is based was that of a constable, who testified, over the appellant's objection, that, pursuant to a warrant issued by a justice of the peace therefor, he searched the person of the appellant, over his protest, and found two bottles of intoxicating liquor in his coat pocket.

We have no statute which authorizes the issuance of a warrant for the search of the person of an individual, and the common law provides "only for the searching, under the warrant, of some place or locality." I Bish. Crim. Pro. (4 Ed.), section 240, from which it necessarily follows that the warrant under which this search was made was void, and the evidence procured thereby was inadmissible. *Orick* v. *State* (Miss.), 105 So. 465.

*Reversed and remanded.*