DUCKWORTH *v.* TOWN OF TAYLORSVILLE.*

(Division B. April 5, 1926.)

[107 So. 666. No. 25500.]

1. WEAPONS.

Circumstances *held* sufficient to go to jury on issue of defendant carrying concealed pistol which was found under him when he arose from his seat.

2. CRIMINAL LAW. *Searches and seizures.*

Neither statute nor common law authorizes warrant for search of the person, and evidence obtained by such search is inadmissible against accused.

3. CRIMINAL LAW.

Further objection that evidence was obtained by illegal search of defendant may not be raised on appeal for the first time.

---

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 571, n. 93; 17CJ, p. 69, n. 38; Weapons, 40 Cyc, p. 868, n. 32; Necessity of raising objection to evidence in court below, see 2 R. C. L., p. 77; 1 R. C. L. Supp., p. 385; 3 R. C. L. Supp, 79; 5 R. C. L. Supp., p. 68.

APPEAL from circuit court of Smith county.

HON. W. L. CRANFORD, Judge.

Jonas Duckworth was convicted of carrying a pistol concealed, and he appeals. Affirmed.

*Tullos & Martin* and *Homer Currie,* for appellant.

We think that the town failed to make out a case against the appellant in this cause, and that the peremptory instruction should have been granted. The record failed to show that appellant ever had the pistol in question even on his person; but, on the contrary, the testimony on the part of the town affirmatively shows that the pistol was found on the ground.

We submit that our statute prohibiting the carrying of deadly weapons concealed on the person means that the weapon must be so connected with the person that upon locomotion the person will carry the weapon with him.

*Hughes, Nobles & Lane,* for appellee.

The argument of appellant is that the weapon must be carried, and unless the deadly weapon is actually carried there is no violation of the statute. We do not so understand the law. We submit that the purpose of the statute is to discourage and prohibit the arming of a person with a deadly weapon and that any kind of possession of a deadly weapon concealed violates the statute. It is well settled by numerous authorities that locomotion while in possession of the weapon concealed is not necessary in order to constitute a violation of the statute. There are authorities to the effect that a weapon wrapped in a paper or one's clothes, or under the seat of a wagon or a hack, or carried in a basket, if concealed violates the statute.

*Tullos & Martin* and *Homer Currie,* in reply, for appellant.

The officer did not know at the time he made the arrest and search of appellant's person that he had committed any crime or was committing any crime in his presence. He had no warrant charging appellant with any crime with which to make the arrest, nor a warrant authorizing him to search the person of appellant; therefore, the arrest and search made by the town marshal on appellant was unlawful; and the evidence thereby procured and admitted against appellant on the trial for such crime could not be legally admitted and was incompetent. *Butler* v. *State,* 135 Miss. 885, 101 So. 193; *Orick et al.* v. *State,* 105 So. 465; *Comby* v. *State,* 106 So. 827.

ANDERSON, J., delivered the opinion of the court.

Appellant was tried and convicted before the mayor of the town of Taylorsville of the charge of carrying a pistol concealed. From that judgment he appealed to the circuit court where there was another trial and conviction. From that judgment appellant prosecutes this appeal.

Sections 1103 to 1105, inclusive, Code of 1906 (sections 829 to 831, inclusive, Hemingway's Code), were duly adopted by the mayor and board of aldermen of Taylorsville as an ordinance of that municipality. This ordinance deals with the carrying of concealed weapons. It provides, among other things, that the carrying of a pistol concealed shall be punishable as a misdemeanor. Appellant was convicted of a violation of that ordinance.

Appellant, with some other negroes, was sitting on the curb of a street in the town of Taylorsville. At the time appellant was found with the pistol it was night, and very dark. J. M. Hester, the marshal of the town, walked up to the appellant, struck a match in order to see, and searched appellant while the latter was in a sitting position. No pistol was found on appellant's person in this search. The marshal then struck another match,

and made appellant get up from his sitting to a standing position. Thereupon the marshal discovered that appellant had been sitting on a pistol. The pistol was lying on the place where appellant had been sitting, and while he was sitting it was so covered by the person of appellant as to be concealed. The ordinance makes the carrying concealed of the weapons therein described a misdemeanor.

Appellant requested a directed verdict in his favor upon the ground that the evidence showed without conflict that at the time the pistol was discovered he was not carrying it concealed. This request was not granted. That action of the court is assigned as error. We are of opinion that appellant's position is unsound; that there was sufficient evidence to go to the jury on the issue as to whether appellant was carrying the pistol concealed which was found under his person when he arose from his seat. It is true at the time the pistol was found appellant was not carrying it. It was concealed, however, about his person, and that fact, with the other circumstances, was sufficient to justify the verdict of the jury.

Appellant contends that he was entitled to a directed verdict of not guilty for the further reason that the evidence of his guilt was procured by the marshal of Taylorsville illegally, in that the pistol was discovered by the marshal by reason of an illegal search of the person of appellant by the marshal; that, when the search was made which revealed the pistol, the marshal had neither a search warrant to search the person of appellant nor a warrant for his arrest. There is neither statute nor common-law authority in this state for the issuance of a warrant for the search of the person of an individual, and evidence procured by a search of the person of the defendant where there is no authority to arrest is inadmissible against the defendant. *Comby* v. *State* (Miss.), 106 So. 827.

The evidence in this case is silent as to whether the marshal had a warrant for the arrest of appellant. It

might be reasonably inferred from the manner in which the arrest came about that he had no such warrant; however, there is no direct evidence bearing on the question either way.

Furthermore, appellant's motion to exclude the testimony for the state does not point out as a ground for such motion the illegal search of appellant by which the evidence against him was procured. The motion is in general terms, except the last paragraph, which is based on the alleged ground that the affidavit charged no offense. Neither was the evidence for the town objected to by the appellant, as it was offered, upon the ground that it had been procured illegally. Nowhere in the record was that specifically made a ground of objection to the town's evidence. The question is therefore raised here for the first time. We hold that that cannot be done; that the trial court cannot be put in error by raising a question in this court not raised in the court below. If the question had been raised in the trial court, and the evidence ruled out upon the ground that it had been procured illegally, the town might have been able to procure sufficient evidence to convict from other sources. One case cannot be made in the trial court and another in this court. The record made by the parties there must stand as the record in this court.

We do not deem the other questions argued of sufficient importance to call for a discussion by the court.

*Affirmed.*