ROBINSON v. STATE.*

(Division B.    June 15, 1926.)

[108 So. 903.    No. 25784.]

1. CONSTITUTIONAL LAW. *If statute is susceptible of two reasonable constructions, court will adopt one which is free from constitutional objections rather than one which would endanger constitutionality of act.*

Where a statute is susceptible to two reasonable constructions, one of which is free from constitutional objections and the other would endanger the constitutionality of the act of the legislature, the court will adopt that construction of the statute which would render it constitutional.

2. INTOXICATING LIQUORS. *Search of person before intoxicating liquor is found and lawful arrest made by officer based thereon is unauthorized (Laws 1924, chapter 244, sections 1, 4, 5; Constitution, 1890, section 23).*

Construing section 1, chapter 244, Laws of 1924, providing for searches for intoxicating liquor under named conditions and concluding with the direction to the officer to arrest the person found in possession and control of such liquor searched for, in connection with sections 4 and 5 of the act prescribing a form of affidavit and warrant, the statute does not authorize a search of the person until after intoxicating liquor is found and a lawful arrest made by the officer based thereon.

*Corpus Juris-Cyc. References: Constitutional Law, 12CJ, p. 788, n. 1; Intoxicating Liquors, 33CJ, p. 674, n. 80; Rule as to construction to sustain constitutionality of statute, see 25 R.C.L. 1001; 3 R.C.L. Supp. 1437; 4 R.C.L. Supp. 1615; 5 R.C.L. Supp. 1358.

APPEAL from circuit court of Hinds county.
HON. W. H. POTTER, Judge.

Gertrude Robinson was convicted of the possession of intoxicating liquors, and she appeals. Reversed and remanded.

*George L. Teat* and *M. Ney Williams,* for the appellant.

This case presents the question of the right of an officer to search the person of the individual. From the evidence offered by the state one E. S. Chapman, a federal prohibition officer, made affidavit before a justice of the peace of Hinds county, praying that a search warrant be issued by said justice of the peace for the search of the residence, premises, property and person of Gertrude Robinson of Edwards, Hinds county, Mississippi. On this affidavit the justice of the peace issued a search warrant for the search of the residence, prem-

ises, property and person of Gertrude Robinson, and act-
ing under the authority of said search warrant, the said
E. S. Chapman, federal prohibition officer, and Hamp
Simmons, a constable of Hinds county, made a search
of her said residence, premises, property and *person*. The
evidence of the state shows that the said officers had no
warrant for the arrest of Gertrude Robinson; and at the
time of her arrest and the search of her person, she was
not engaged in the commission of a crime in the presence
of the two officers. All of the evidence shows that the
search of her home and her person was over her objec-
tion.

The search warrant held by the officers was totally
void and unauthorized by law under the express decision
of this court in *Comby* v. *State,* 106 So. 827, holding "that
there is no statute in this state which authorizes the is-
suance of a warrant for the search of the person of an
individual, and that it necessarily follows that the war-
rant under which the search was made was void, and the
evidence procured thereby was inadmissible, citing *Orick*
v. *State,* 105 So. 465."

The appellant further submits to the court that the
evidence of the finding of the whiskey in a coat pocket
in the home of the appellant was inadmissible because the
same was procured by virtue of a void and illegal search
warrant in "that the search warrant in question author-
ized the *search of the person of the appellant,* as well as
the home, etc.," and, of course, the whiskey found on
the person of the appellant and the evidence of its find-
ing were wholly inadmissible, both on account of the
illegal use of the void search warrant and also because
of the illegal issuance of a void search warrant.

The appellant further assigns as error the action of the
court in admitting the state's testimony herein, procured
by virtue of the search made under the warrant afore-
said in this case, for the reason that the mandatory re-
quirement contained in section 1, chapter 244, Laws of
1924, after seizure, directs that the officer "shall hold

the same until disposed of by law,'' whereas the search warrant here used wholly omits the requirement that the property so seized should be held until disposed of by law, but directs that it be brought, if practicable, before the justice of the peace at his office. The two phrases are not synonymous.

This case should be reversed and the appellant discharged.

*J. A. Lauderdale,* Special Assistant Attorney-General, for the state.

The search warrant in *Comby* v. *State,* 106 So. 826, was issued in August, 1923, long prior to the enactment of chapter 244, Laws of 1924. The search warrant in the Comby case was held to be void, because ''we have no statute which authorizes the issuance of a warrant for the search of the person of an individual,'' and that no right to search a person existed under the common law.

The search warrant in the case at bar was issued in 1924, after the enactment of chapter 244, Laws of 1924. This act specifically provides for and authorizes the search of the person of an individual. The search warrant in this case follows the form set out in the said Act.

The holding of the court in the Comby case, therefore, does not apply to this case. The search warrant is a legal and valid one under the provisions of said act.

Counsel for appellant also complain that the search warrant commanded the searching officer ''and if practical bring them before me at my office.'' This is also in accordance with the provisions of said act. The evidence in the case was admissible; it was sufficient to support the verdict of guilty returned by the jury. Appellant complains of no other errors. I, therefore, submit that the judgment of the trial court should be affirmed.

*George L. Teat* and *M. Ney Williams,* in reply, for appellant.

The contention is made by the Attorney-General that because the forms for the affidavit and warrant set out in sections 4-5, chapter 244, authorize the search of the person, that said sections are mandatory. In this case, he is mistaken. The provisions of section 1 of the statute are mandatory. *Turner* v. *State,* 98 So. 240, 133 Miss. 738, but the form of the affidavit prescribed by section 1 is not mandatory but simply directory. See *Winters* v. *State,* 107 So. 281.

It is true that section 5, of the 1924 act, which purports to prescribe the form for the search warrant uses the words "or person," but section 5 is merely directory, whereas section 1 of said act does not contain the words, "or person," and it is mandatory and controlling. The controversy here is one involving a rule of evidence and rules of evidence derive their authority independent of statute. The Comby case was decided by this court in February, 1926, two years after the 1924 statute. The same rule was again announced by this court on April 5, 1926, in *Duckworth* v. *Town of Taylorsville,* 107 So. 666.

It is settled law in this state that there is not now, and for that matter there has never been, any statute or rule at common law for the issuance of a search warrant to search the person of an individual; and any attempt to do so renders the warrant void and the evidence procured thereby inadmissible. An instrument purporting to authorize the search of a home, dwelling and person of an individual is as worthless in the hands of an officer as would be a leaf from an Hostetter's Almanac.

Argued orally by *G. L. Teat,* for appellant.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was indicted, tried, and convicted in the Second district of Hinds county, Miss., on the charge of

possessing intoxicating liquors, and sentenced by the circuit court to pay a fine of five hundred dollars and all costs and to serve a term of ninety days in the county jail.

The testimony upon which the appellant was convicted was procured upon a search of the place and of the person of the appellant. A portion of the intoxicating liquor found in said search was found in appellant's room in an old coat. After this was found and before the appellant was arrested, the officers searched appellant's person, removing from the room other persons who were there present. The officer ran his hand under appellant's clothing and found a bag containing liquor concealed underneath her clothing, which he procured and thereupon placed the appellant under arrest as directed in the search warrant, and filed a charge before a justice of the peace of the district charging that the defendant knowingly and unlawfully did have in her possession more than one quart of intoxicating liquor, to-wit, whiskey, against the peace and dignity of the state of Mississippi. The liquor found other than upon the person of the appellant was insufficient to make more than one quart of liquor, and consequently under the statute was insufficient to sustain the judgment and the sentence imposed upon the appellant.

The affidavit upon which the search warrant was procured was made by a Federal officer, E. S. Chapman, who made oath that he "has reason to believe and does believe that intoxicating liquors are being manufactured, possessed, sold or offered for sale, or given away, in violation of law, in the dwelling house, outhouse, upon the premises, in the automobile, or other vehicles, used or occupied by and on the person of Gertrude Robinson on the south side of the Alabama & Vicksburg Railroad; about two hundred yards west of the depot in the town of Edwards, Miss., in said county and state," and prayed for a search warrant "directing a search of said dwelling, outhouses, premises, automobiles, or other vehicles

and the person of the said Gertrude Robinson, and the seizure of said liquors, vessels, and appliances used in connection therewith, and the arrest of the said Gertrude Robinson or other such party or parties as may be in possession or control thereof.''

A search warrant in conformity to chapter 244, Laws of 1924, was issued with the results above stated.

When the evidence was offered the defendant objected to it on the ground that it was unlawfully obtained and consequently was not admissible in evidence under the decisions of this court.

Section 1, chapter 244, Laws of 1924, reads as follows:

''Upon the affidavit of any credible person that he has reason to believe and does believe.

''(1)   That intoxicating liquor is being stored, kept, owned, controlled, or possessed in any building or room in a building, or outhouses or any place, or in any trunk or other receptacle capable of containing or concealing intoxicating liquor for purposes of sale in violation of the laws of the state of Mississippi; or

''(2)   That intoxicating liquor is being sold, or offered for sale, in violation of law; or

''(3)   That intoxicating liquor is being manufactured or distilled or attempted to be manufactured or distilled in any building, or room in a building, or outhouses, or on any place in violation of the laws of the state of Mississippi; or

''(4)   That intoxicating liquor is being transported or attempted to be transported in any wagon, cart, buggy, automobile, motorcycle, motor truck, water or air craft, or other vehicle, in violation of the laws of the state of Mississippi;

''It shall be the duty of any justice of the peace of the county or the judge of the circuit court of the district or the chancellor of the district in which the place is situated, to issue a search warrant, directed to the sheriff or any constable of the county, or if in a municipality, to the sheriff or any constable or marshal or policeman

therein, commanding him to proceed in the day or night-time, to enter by breaking if necessary, and to diligently search such building, room in a building, outhouses, place, wagon, cart, buggy, automobile, motorcycle, motor truck, water or air craft, or other vehicle, as may be designated in the affidavit, and to seize said intoxicating liquor, and any wagon, buggy, cart, automobile, motorcycle, motor truck, water or air craft or other vehicle used or at-tempted to be used in the transporting of the same, or any still or distillery or integral part of the same including appliances, vessels and equipment pertaining thereto used in making or manufacturing or attempting to make or manufacture said intoxicating liquor, and to hold the same until disposed of by law, and to arrest the person, or persons in possession and control of the same.''

It will be noted from a reading of this section that the affidavit authorized to be made is ''that intoxicating liq-uor is being stored, kept, owned, controlled, or possessed in any building or room in a building, or outhouses or any place, or in any trunk or other receptacle capable of containing or concealing intoxicating liquor for pur-poses of sale in violation of the laws of the state of Mis-sissippi;'' and ''(2) that intoxicating liquor is being sold, or offered for sale, in violation of law;'' and ''(3) that intoxicating liquor is being manufactured or dis-tilled or attempted to be manufactured or distilled in any building, or room in a building, or outhouses, or on any place in violation of the laws of the state of Mississip-pi;'' and ''(4) that intoxicating liquor is being trans-ported or attempted to be transported in any wagon, cart, buggy, automobile, motorcycle, motor truck, water or air craft, or other vehicle, in violation of the laws of the state of Mississippi;'' and that on such affidavit be-ing made the officer is to make the search, and if he finds intoxicating liquor as a result of such search that he is to hold the same and to arrest the person or persons in pos-session and control of the same. The arrest does not fol-low until, first, intoxicating liquor is found.

It will be noted that the purpose of this section is not for the purpose of searching the person, and we think it contemplates the arrest of the person if the intoxicating liquor is found, but not to arrest the person unless such intoxicating liquor is found.

The affidavit made for the search warrant did not *per se* charge a violation of the criminal law, and did not conclude as required by the Constitution with the words, "against the peace and dignity of the state of Mississippi."

In the form of affidavit set out in section 4 of the statute it is recited, "in the possession and on the person of," if a person is to be searched, and the evidence was admitted by the court below upon the theory that the search warrant and affidavit provided for a search of the person regardless of the search of the place. The appellant insists that the statute is to be liberally construed in favor of the citizen and strictly construed against the state, and that no search of the person is authorized unless an arrest is made after liquor is found in the place described in the search warrant.

In the case of *Falkner* v. *State,* 134 Miss. 253, at page 258 (98 So. 691, at page 692), we held: "The rule is well settled that constitutional provisions designed for the protection of persons are to be liberally construed. *Boyd* v. *United States,* 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746; *Gouled* v. *United States,* 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647."

In *State* v. *Henry,* 87 Miss. 125, 40 So. 152, 5 L. R. A. (N. S.) 340, the following rules for construing constitutions are laid down: "(c) Where the Constitution deals with a subject its provisions cannot be enlarged or restricted by legislative enactment, in the absence of constitutional warrant for so doing."

And: "(d) Where the Constitution enumerates power granted or denied, it must be held to have named all of the powers so dealt with and as being, with the

necessary implications, the sole limit of authority or restriction.''

The rule is well settled that in construing a statute whose meaning is doubtful or whose constitutionality is doubtful, and where there is one construction that would be free from constitutional objection that may be reasonably accepted from the language used and another which would endanger the constitutionality of the act, the court should adhere to that construction of the statute that would save it from constitutional objections.

Section 23 of the state Constitution reads as follows:

''The people shall be secure in their persons, houses, and possessions, from unreasonable seizure or search; and no warrant shall be issued without probable cause, supported by oath or affirmation, specially designating the *place* to be *searched* and the *person* or *thing* to be *seized.*''    (Italics supplied.)

It seems to be probable that the framers of this provision intended to limit searches to places as distinguished from persons.

It is well settled that constitutional provisions should be interpreted in the light of the common law, and that the protection intended to be secured to the citizen was the protection of immunities and rights which existed at the common law; that the purpose of such provisions is to secure from legislative as well as from executive or judicial encroachments upon these rights.

In *Ex parte Grossman,* 267 U. S. 87, 45 S. Ct. 332, 69 L. Ed. 527, 38 A. L. R. 131, the United States supreme court said:

''The language of the Constitution cannot be interpreted safely except by reference to the common law and to British institutions as they were when the instrument was framed and adopted. The statesmen and lawyers of the Convention who submitted it to the ratification of the Conventions of the thirteen states, were born and brought up in the atmosphere of the common law, and thought and spoke in its vocabulary. They were famil-

iar with other forms of government, recent and ancient, and indicated in their discussions earnest study and consideration of many of them, but when they came to put their conclusions into the form of fundamental law in a compact draft, they expressed them in terms of the common law, confident that they could be shortly and easily understood.''

To the same effect is *United States* v. *Wilson,* 7 Pet. 150, 8 L. Ed. 640; *Ex parte Wells,* 18 How. 307, 15 L. Ed. 421; *South Carolina* v. *United States,* 199 U. S. 437, 26 S. Ct. 110, 50 L. Ed. 261, 4 Ann. Cas. 737; *Boyd* v. *United States,* 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746; *Bram* v. *United States,* 168 U. S. 532, 18 S. Ct. 183, 42 L. Ed. 569.

An examination of the recent treatises on search and seizure fails to disclose any state that has a specific statute authorizing a search of the person on a mere search warrant, and it is stated by some authors that no such statute has been found by them.

The right to search the person as it existed at common law was limited to the search authorized to be made in the case of arrest; and this arrest could only be made for a misdemeanor committed in the presence of the officer, or that upon probable cause the officer believed the party arrested without a warrant had committed a felony, where a felony had in fact been committed, and on a warrant only where a specific offense had been charged. See authorities collated in *Orick* v. *State* (Miss.), 105 So. 465, 41 A. L. R. 1129.

In Cornelius on Search and Seizure, section 130, p. 347, it is said: ''It has been held that the word 'place' as used in search and seizure statutes, prohibiting the possession of intoxicating liquor in any place, refers to some fixed location, spot, station, ground or locality,'' etc.

In *State* v. *Fezzette,* 103 Me. 467, 69 A. 1073, the court held that the word ''place'' in the Revised Statutes of Maine, chapter 29, section 49, cannot be construed as broad enough to cover the search for and seizure of liquors in a valise alleged merely to be in the possession of

143 Miss.—17.

a person charged with unlawfully keeping or depositing liquors, but not alleged to be in any definite and fixed locality or place, and that to support a search and seizure process the place to be searched must be a locality, definite, certain, and fixed, and must be so described in the complaint. At page 470 of 103 Me. (69 A. 1074), the court said:

"The statute in question provides that 'if any person competent to be a witness in civil suits, makes sworn complaint before any judge of a municipal or police court or trial justice, that he believes that intoxicating liquors are unlawfully kept or deposited in any place in the state by any person, and that the same are intended for sale within the state in violation of law, such magistrate shall issue his warrant, directed to any officer having power to serve criminal process, commanding him to search the premises described and specially designated in such complaint and warrant, and if said liquors are there found to seize the same, with the vessels in which they are contained.'

"In the complaint in this case the complainant alleged that he believed that on a day named, 'at said Bangor, intoxicating liquors were and still are kept and deposited by Amos Fezzette of Ætna in said county, in a valise in the possession of the said Fezzette in said Bangor.' The prayer in the complaint was 'that due process be issued to search the premises hereinbefore mentioned where said liquors are believed to be deposited.' And the warrant commanded the officer 'to enter the premises described and specially designated in the foregoing complaint . . . which is expressly referred to as a part of this warrant.'

"The contention of the defendant is that a 'valise in the possession of' a person is not a 'place,' within the meaning of that word in the statute, and hence that the complaint fails to charge the statutory offense. We think this contention must be upheld."

And at page 471, 103 Me. (69 A. 1075), the court further said: ''While the word place has several meanings, it ordinarily has reference to locality. And it is obvious that in a statute providing for a search and seizure not only does the word place refer to locality, but under the constitutional provision above named, the locality must be definite, certain and fixed. It must be capable of being described and specially designated. It must be so definite as to direct the officer not only what, but where, he is to search. The warrant commands him to 'enter' a place. It would be a perversion of terms to say that he is to 'enter' if he can find it, the valise of a 'peripatetic rumseller,' as such a one is characterized by the court in *State* v. *Grames,* 68 Me. 418. As we have seen, in the same section, the 'place' is also referred to as the 'premises described.' The word 'premises' signifies a distinct and definite locality. It may mean a room, or a shop, or a building, or a definite area, but in either case, the locality is fixed. Otherwise the use of the word would be misapplied.''

In State v. Grames, 68 Me. 418, the court said: ''If any competent witness 'shall make complaint upon oath or affirmation before any judge of any municipal or police court, or trial justice, that he believes intoxicating liquors are unlawfully kept or deposited in any place in this state by any person or persons, and that said liquors are intended for sale within this state in violation of law, such magistrate shall issue his warrant, directed to any officer having power to serve criminal process, commanding such officer to search the premises described and specially designated in such complaint and warrant, and, if such intoxicating liquors are there, to seize the same with the vessels in which they are contained. . . . The name of the person so aforesaid keeping said liquors, if known to the complainant, shall be stated in such complaint, and the officer shall be commanded by said warrant, if he shall find said liquors, to arrest such

person or persons, and have him or them forthwith before such magistrate for trial.'

"The complaint must allege a 'place in this state' where intoxicating liquors are 'unlawfully kept and deposited' by a person or persons and 'intended for sale within this state in violation of law.' The liquors are to be kept and deposited by, not kept and deposited upon a person or persons. The person or persons unlawfully keeping and depositing, and the place where the unlawfully kept and deposited liquors are to be found, are obviously separate and distinct. It is one thing to find liquors in a place, and a very different thing to find them upon a person. A place to be searched is not a person to be searched. 'Premises described and specially designated' in a complaint and warrant cannot, by any reasonable use of language, be held to apply to a person or persons."

See, also, *Purkey* v. *Maby,* 33 Idaho, 281, 193 P. 79.

In *Winters* v. *State* (Miss.), 107 So. 281, the affidavit prescribed by section 4, chapter 244, Laws of 1924, was held not to be mandatory, but simply directory; while in *Turner* v. *State,* 133 Miss. 738, 98 So. 240, the section prescribing the requirement of an affidavit for a search warrant was held to be mandatory. In *Comby* v. *State,* (Miss.), 106 So. 827, it was held that a warrant to search a person was not authorized by the law of this state, and the same holding was announced in *Duckworth* v. *Town of Taylorsville* (Miss.), 107 So. 666. These cases show that there was no right to search the person at common law by means of a search warrant. The only right that existed at common law, as before stated, was the right to search as an incident of a lawful arrest. These authorities show that it is doubtful whether the power exists, under section 23 of the Constitution, in the legislature to authorize the search of a person except as an accompaniment of lawful arrest.

It is not necessary now to decide whether the legislature could by specific act authorize a search warrant to

issue for the search of a person independent of the lawful arrest. We think the statute is susceptible to the construction that the search of the person was only intended when liquor was found in the place searched and an arrest made of the person in charge of the place as commanded by the warrant.

In *Snyder* v. *United States,* 285 F. 1, in' an opinion by the circuit court of appeals of the Fourth circuit, the court said, at page 3:

" '. . . Common as the event may be, it is a serious thing to arrest a citizen, and it is a more serious thing to search his person; and he who accomplishes it must do so in conformity to the laws of the land. There are two reasons for this: One to avoid bloodshed, and the other to preserve the liberty of the citizen. Obedience to law is the bond of society, and the officers set to enforce the law are not exempt from its mandates.' *Beam Case,* 104 S. C. 146, 88 S. E. 441, L. R. A. 1916E, 714."

The case here shows the practical application of the extent to which such a holding would go. An officer under the authority of a search warrant directing the search of a person, who places his hands under the clothing of a female, on the most private parts of her body, to search for liquor, violates the ordinary sense of propriety and decency in what appears to be an unreasonable exercise of the power of search. The privacy of the person has always been held sacred, and it certainly would tend to bloodshed to permit searches of the kind here involved to be generally made under the guise of a search warrant based on information and belief.

We think the construction contended for by the appellant is the more reasonable one, and tends to preserve the individual liberty without unduly impairing the state's power to cope with crime. The fact that the arrest could have been made before the search on the facts here disclosed, and that in such case a reasonable search would have been legal, does not affect the legality of the

situation.  No arrest had been made at that time, and we think the statute did not authorize the search of the person until the arrest had been made.  The state could have proceeded without offering the evidence as to the search of the person and the liquor obtained thereby because the other liquor found under the search warrant was admissible in evidence.

The judgment of the court will therefore be reversed and the cause remanded for a new trial.

*Reversed and remanded.*