ROBINSON *v.* STATE.*

(Division B.    March 28, 1927.    Suggestion of Error Overruled April
25, 1927.)

[112 So. 167.    No. 26256.]

1. CRIMINAL LAW.  *Perjury.   One may be convicted for perjury in
falsely denying possession of liquor, although her person was un-
lawfully searched; in prosecution for perjury, if defendant takes
stand, state may prove any part of its case by defendant's evi-
dence; testimony of one indicted for possession of liquor, false-
ly denying possession, is material as affects guilt of such person
of perjury.*

   Where a defendant, testifying in her own behalf, testifies falsely,
   knowingly and corruptly denying that she had possession of
   intoxicating liquor as charged in the indictment against her,
   the evidence is material to the issue, and she may be convicted
   of perjury for so testifying, although her person was unlaw-
   fully searched.  The state has the right, if defendant takes the
   stand, to prove any part of its case by the defendant's evidence.

2. JUDGMENT.  *Adjudication that search was unlawful is not res judi-
cata in another case, where same evidence is offered and shown
to have been obtained lawfully.*

   The adjudication that a search was unlawful, on the record before
   the court in one case, is not *res adjudicata* of the unlawfulness
   of the search in another case, where the same evidence may be
   offered in the second case, where it is shown to have been ob-
   tained lawfully by additional witnesses and evidence in the
   second case.

   *Corpus Juris-Cyc References: Criminal Law, 16CJ, p. 759, n. 89;
Judgment, 34CJ, p. 969, n. 95; Perjury, 30Cyc, p. 1402, n. 20; p. 1403, n.
23; p. 1406, n. 41; p. 1417, n. 50; p. 1418, n. 54; p. 1422, n. 94 New.

APPEAL from circuit court of Hinds county, First dis-
trict.

HON. W. H. POTTER, Judge.

Gertrude Robinson was convicted of perjury, and she
appeals.  Affirmed.

146 Miss.—48.

*M. Ney Williams* and *George L. Tear,* for appellant.

I. The testimony of the defendant that she did not have the two bottles of liquor was at the time uttered wholly immaterial as a matter of law. The state had wholly failed to establish its side of the issue. The evidence offered by the state in that trial on that issue was wholly inadmissible, and established nothing. On motion of the defendant it stood excluded and the defendant in law stood in open court with no affirmative issue established against her. There was no issue. Her negative evidence was unilateral, likewise incompetent, subject to be stricken out as surplusage, and is wholly to be taken as naught so far as any legal issue of fact was concerned.

The defendant, therefore, on motion in the trial of the instant case was entitled to have the state's evidence here excluded on the ground that the alleged utterance complained of in the indictment was in fact the utterance of an immaterial statement. See 21 R. C. L., page 259; 30 Cyc. 1421 note; *Robinson* v. *State,* 108 So. 903; *Jennings* v. *State,* 7 So. 462.

The second error was in not excluding the testimony offered on the perjury trial because all of the evidence in the case which had for its purpose the establishment of the fact that the defendant had the two bottles of liquor on her person, was evidence illegally procured in consequence of an illegal search of the defendant's person and home without a search warrant, it having been conclusively established in the former cause on appeal.

Under the authorities of the United States supreme court cited with approval by this court in the Tucker case there can be no difference whatever as to the competency of evidence procured in consequence of an illegal search, whether said evidence is offered in the trial of the defendant for the removal of whisky on which the revenue tax had not been paid, as in the Gouled case, or whether it is offered in the trial of a contempt case

for failure to produce papers, as in the Silverthorne case. The authorities are uniform on the question of its inadmissibility regardless of the nature of action or character of offense. *Silverthorne L. B. R. Co.* v. *U. S.*, 251 U. S. 385, 64 L. Ed. 319; *Tucker* v. *State,* 90 So. 845.

*W. A. Scott, Jr.,* Special Assistant Attorney-General, for the state.

It is contended by the appellant that because of the reversal of the liquor case in the supreme court the question of whether or not Gertrude Robinson did in fact have liquor in her possession as testified to by Simmons was rendered immaterial.

The fact that the officers obtained the evidence by a search of appellant's person before her arrest would not, in our opinion, make this question immaterial. The only effect of an unlawful search is to render inadmissible any evidence secured thereunder. The issue remained the same and if the state could prove the fact of possession by any competent testimony, it was at liberty to do so. One of the ways of proving possession was by requiring the appellant when she took the stand in her own behalf to testify truthfully to all the facts. Such a question was competent and was material to the issues then before the court and appellant was required to answer them as truthfully as any other witness. The appellant willfully and corruptly swore to certain facts which she then and there knew to be false and untrue. Having sworn to these facts she cannot now contend that this question was rendered immaterial by the decision of this court on an entirely different question.

Appellant further contends that the decision in the *Gertrude Robinson case,* 108 So. 903, is *res adjudicata* of the invalidity of the search. We do not think that this contention can be sustained because that case was reversed and remanded. On a new trial of the case in the circuit court it certainly could not be contended that

the decision would work an estoppel and prohibit the state from showing the legality of the search if it could do so. *Middleton* v. *Davis,* 62 So. 164, 105 Miss. 152; *Haynes* v. *Haynes,* 98 Miss. 839, 54 So. 433; *State* v. *Newkirk,* 49 Mo. 472; *State* v. *Hathorn,* 65 S. W. 756.

The testimony of Simmons was vigorously impeached on the ground that in the original case he had testified that appellant's person was searched before her arrest, while on the present trial he unequivocally swore that the arrest was made first. This, however, was a question for the jury as the impeaching testimony merely went to show Simmon's credibility. It will be noticed that Simmon's testimony is substantiated in every particular by that of Chapman, who was present at the search.

Argued orally by *Geo. L. Teat,* for appellant, and *W. A. Scott* Special Assistant Attorney-General, for the the state.

Etheridge, J., delivered the opinion of the court.

Appellant, Gertrude Robinson, was indicted, tried, and convicted of perjury. The offense charged is that appellant committed perjury in the trial of *State* v. *Gertrude Robinson,* in which a conviction of possession of intoxicating liquors was appealed to this court and reversed in 108 So. 903. In that case, evidence of search of a person was introduced, such search having been made under a search warrant proceeding, during which whisky had been found in the residence of Gertrude Robinson, and, after finding such whisky, the person of appellant was searched and other whisky was found upon her person, and in which case the prosecuting officer, a constable, testified that, after finding this liquor upon her person, he arrested her and carried her to a justice of the peace. While the appeal was pending in this court in the former case, appellant was indicted for perjury, and, after the decision of that case here, it was contended for

defendant that the adjudication in the former opinion that the search was illegal, made the testimony of defendant that she did not have the whisky on her person immaterial, so that perjury could not be predicated thereon. In the trial below the constable testified that he misunderstood the district attorney's question in the former appeal, but that the fact was that he had already arrested appellant before the search of her person was made, that his answer in the other case was inaccurate and made on a misunderstanding, and that he did not intend to convey the idea that the arrest was made subsequent to the search, for the fact was that it was made prior to the search.

In the present case, the state first put upon the witness stand the federal prohibition officer who was present at the time the search was made, but who did not testify in the former case, and who testified that the appellant was arrested prior to the search of her person.

It was amply proved in the present case that appellant testified in the former case that she did not have the liquor in her possession.

We think that the evidence was material to the issue then being tried.

A defendant may testify or refuse to do so in a criminal trial, but if the defendant chooses to testify, then he or she must testify to the truth, and the state has the right, where the defendant testifies, if it can do so, to prove any part of its case by the evidence of the defendant. Such evidence is material to the issue, and if perjury is committed, by so testifying, the defendant is subject to punishment, although he or she had the constitutional right to remain silent, and, if this right was exercised, the state could not proceed except upon its own testimony.

Appellant contends that it has already been adjudged that the evidence obtained by the search was illegal, and it was conclusively so held in the former case, and it is not permissible now for witnesses to change testimony

then delivered, the state being bound by the adjudication of that issue. That is to say, it constitutes *res adjudicata.* Such adjudication, however, was made upon testimony contained in the record on the former trial. In the present case, the state introduced additional testimony which shows that the search was made after the defendant had been arrested; and, as it was made in aid of the offense being prosecuted, it was legal, and the evidence found was admissible in the trial of this issue.

The defendant in the present case did not testify, but the record contains the evidence of two witnesses to the effect that the defendant was searched after the arrest was made, and such testimony has been in no wise impeached, and there is no evidence in the record challenging the truth of these witnesses, except the officers' transcribed evidence in the former case.

The judgment of conviction will therefore be affirmed.

*Affirmed.*