STEWART v. CITY OF JACKSON.

(Division A. May 3, 1937.)

[174 So. 56. No. 32690.]

Jaap & Higgins, of Jackson, for appellant.

John G. Burkett, of Jackson, for appellee.

McGowen, J., delivered the opinion of the court.

William Stewart, appellant, was convicted of unlawfully having whisky in his possession in the city court; appealed to the county court where, by a jury, he was again convicted; and then appealed to the circuit court, where his conviction was affirmed.

His conviction rests upon the evidence of two city policemen, Byrd and Rogers, who made a search by an affidavit and search warrant, the validity of which was not challenged. The warrant authorized the search of a pressing shop in the rear of the Royal Hotel, 123 East Capital street in the city of Jackson. The policemen proceeded to this place; found Stewart there in charge, and served a copy of the warrant on him. In the boiler room, shown to be connected with and a part of the

pressing shop, the officers observed a locker and asked Stewart if he had the keys thereto, to which he replied, "I have them," and Byrd then asked Stewart for the keys. Both officers said no demand was made upon Stewart for the keys. Thereupon, the officers opened the locker and found therein twenty-four one-half pint bottles of whisky, and Stewart admitted that the whisky belonged to him. One officer said he smelled the contents of one of the bottles and that it was whisky.

Appellant offered no evidence, and the testimony of the officers is uncontradicted. The appellant was not arrested until after the whisky was found in the locker. The officers had no warrant for his arrest, and admitted that he had not, so far as they knew, committed a crime in their presence.

The precise contention of appellant is that, notwithstanding the policemen had a valid search warrant, the evidence was obtained by reason of an unlawful search of the appellant's person, because the keys were demanded of him by Byrd, and that he (appellant) was coerced into delivering the keys to the officer. Appellant relies upon the following cases: Comby v. State, 141 Miss. 561, 106 So. 827; Duckworth v. Taylorsville, 142 Miss. 440, 107 So. 666; Robinson v. State, 143 Miss. 247, 108 So. 903, and Burnside v. State, 144 Miss. 405, 110 So. 121, in which latter case the accused had a bottle of intoxicating liquor concealed on her person, and the officers who were searching the premises under a search warrant demanded that she deliver the whisky she had under her dress. She left the house and started away and was followed by the officer, who demanded of her that she give to him the whisky she had concealed. The court held that, under these circumstances, the evidence was obtained by a search of the person and by virtue of a command of an officer, and the act of the accused was not free and voluntary.

We have no such circumstances in the case at bar. In the first place, keys do not constitute incriminating

evidence, and the keys here were but the means by which the locker could be peacefully and quietly opened in order that the search might be completed. The officers distinctly repudiated the idea that they demanded or coerced the appellant in any manner into giving them the keys, and the search seems to have been dignified and decorous, and there is nothing in this record to indicate that the accused did not freely and voluntarily turn the keys over to the officer. Turning a key over to an officer which will unlock a locker is a very different thing from turning over a contraband article such as whisky.

Under these named authorities, including the Burnside Case which is strongly relied upon by the appellant, there was no unlawful search in the case at bar, nor was there any search of the appellant's person. The keys were not an indispensable means of completing the search. The locker could have been broken open by the officers and the incriminating evidence discovered. The evidence of the officers was competent.

There was a complete waiver of any claim to an unlawful search under the facts and circumstances here detailed. Compare the case of Massei v. United States, 295 F. 683, decided by the Fourth Circuit Court of Appeals. A writ of error was denied in this case by the United States Supreme Court. 264 U. S. 592, 44 S. Ct. 404, 68 L. Ed. 865.

Conceding, for the purpose of argument, that there was error in the two instructions complained of, we do not think the appellant was prejudiced thereby, for the reason that there is no dispute, in this record, as to the guilt of the appellant, and an honest jury could not have returned any other verdict.

Affirmed.