WEBB *v.* TOWN OF SARDIS.*

SAME *v.* STATE.

(Division A. May 17, 1926.)

[108 So. 442. Nos. 25465, 25466.]

1. CRIMINAL LAW. *Evidence obtained by arrest and search without search warrant of bag carried by accused held improperly permitted to go to jury.*

Evidence obtained by arrest and search of bag carried by accused without search warrant, wherein two gallons of whisky were found, *held* improperly permitted to go to jury.

2. ARREST.

Arrest by officer and search of bag which he took from defendant's hand without search warrant *held* unlawful.

3. ARREST. *Suit case carried by defendant at time of arrest held to be in his possession, although he claimed to be carrying it for another, entitling him to immunity from search without warrant.*

Suit case carried by defendant at time of his arrest *held* to have been in his possession, although he claimed to be carrying it for crippled negro some distance from him, entitling defendant to immunity from search without warrant.

---

*Corpus Juris-Cyc References:   Arrest 5CJ, p. 405, n. 11; p. 410, n. 44; p. 434, n. 84;   Criminal Law 16CJ, p. 571, n. 93;   Admissibility of evidence obtained by illegal search and seizure, see notes in 24 A.L.R. 1408; 32 A.L.R. 408.

APPEAL from circuit court of Panola county.

HON. GREEK L. RICE, Judge.

Ford Webb was convicted, in separate prosecutions by the town of Sardis and by the state, of having whisky in his possession, and he appeals. Reversed, and defendant discharged.

*Montgomery & McClure,* for appellant.

I.   All of the evidence from the deputy sheriff about
finding intoxicating liquor in appellant's suit case was
improperly admitted as the same was secured by an
unlawful search of the appellant's suit case, without hav-
ing first obtained a search warrant to search the appel-
lant's possessions. *Canterberry* v. *State,* 107 So. 672;
*Tucker* v. *State,* 90 So. 845; *Owens* v. *State,* 98 So. 233;
*Smith* v. *State,* 98 So. 344; *Faulkner* v. *State,* 98 So. 691.

II.   The cause must be reversed because the record
fails to show that the appellant did unlawfully have in-
toxicating liquor in his possession in the town of Sardis
and in justice of the peace district number five in Panola
county, Mississippi.   All that the record shows on this
proposition is that the appellant was apprehended in
the first court district of Panola county, Mississippi, at
the edge of the town.

As to the venue of the justice of the peace district, see
*Elzey* v. *State,* 110 Miss. 502; *O'Neal* v. *State,* 105 So.
496; *Slaton* v. *State,* 98 So. 838.   Failure to prove venue
is jurisdictional and can be raised in the supreme court
for the first time. *Norwood* v. *State,* 129 Miss. 813; *Quil-
len* v. *State,* 106 Miss. 831; *Cagle* v. *State,* 106 Miss. 370.

As to the venue in the town of Sardis, there is not a
word of evidence in the record which shows that the ap-
pellant unlawfully had intoxicating liquor in his posses-
sion in the town of Sardis. *Thomas* v. *State,* 101 Miss.
74.

*J. A. Lauderdale,* Special Assistant Attorney-General,
for the state.

I.   The defendant swore that he did not own or have
any interest in the suit case searched or the whisky found
by the search; that both belonged to Tony Exoms.   He
is, therefore, not entitled to the protection of section 23
of the state Constitution.   He cannot complain that the

property of Exoms was searched without a lawful search warrant for so doing. See *Ross* v. *State,* 105 So. 846.

II.    The most serious question presented is whether or not the venue was proved. My contention is that the venue was sufficiently proved. The state's testimony shows that the defendant was arrested with the whisky in his possession near the edge of the town of Sardis in the first court district of Panola county, Mississippi. The testimony of the defendant himself shows that he came from Memphis to Sardis on a bus; that he got off the bus, took the whisky and went right down the main street. This conclusively proves the venue insofar as the case of the *Town of Sardis* v. *Webb,* is concerned.

The venue is properly proved to be in the town. The town is only a part of the district. I do not think the allegations in an affidavit charging crime can be used to aid proof of venue. However, this court will judicially know that T. F. Gammon is a justice of the peace in and for the fifth justice district of Panola county, Mississippi.

Argued orally by *Jas. McClure,* for appellant, and *J. A. Lauderdale,* Assistant Attorney-General, for the state.

N̄ ⌒⌒⌒ ⁻ delivered the opinion of the court.

In the case of *Ford Webb* v. *Town of Sardis,* the town failed to prove that it was a violation of .the ordinances of the town to have whisky in possession, and also failed to show that the defendant had whisky in his possession within the corporate limits of the town of Sardis. Likewise in the case of *Ford Webb* v. *State,* the state wholly failed to show that Ford Webb, the defendant, had whisky in his possession in justice district No. 5 of Panola county, Miss., as charged in the affidavit; and these errors would be sufficient to demand at our hands a reversal of the cases. But the state proved its case by the officer

who made the arrest of the defendant without a search warrant, and took from his hands a black bag, or suit case, is which, upon search thereof, he found two gallons of whisky, and this evidence was improperly permitted to go to the jury over the timely objection and exception of the defendant.

The arrest and search were unlawful; it being conceded by the district attorney that no affidavit was made or search warrant procured, and no other reason given in this record for this search.

Unquestionably this suit case was in the possession of the 'efendant at the time of the search, and in this particular this case is differentiated from the case of *Ross* v. *State* (Miss.), 105 So. 846. In that case the suit case was voluntarily abandoned by the defendant, and ownership and possession denied. In the case here before us, the defendant had the suit case is his hand, though he said he was carrying it for a crippled negro who was some fifteen or twenty feet behind him as they walked along from the bus from which they had disembarked. The suit case was correctly found by the jury to have been in the possession of the defendant. The officer took the suitcase from the hand of the defendant, and searched it without warrant of law. One may be in possession of that which he does not own.

This case is ruled by the case of *Tucker* v. *State,* 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377, and the more recent case of *Canteberry* v. *State,* 107 So. 672 (not yet [officially] reported) wherein Judge HOLDEN said:

"The jumper was folded and tied together, and was hanging to the horn of appellant's saddle. It was a package, or, we may say, it was a bundle of wearing apparel, and was a personal private possession, and it could not be searched without a warrant first being secured for that purpose; therefore the testimony of Murphy, which was secured by unlawful search, was inadmissible at the trial."

And this was the view of this court notwithstanding Canteberry was seen to reel, and there was strong reason to suspect that there was whisky close by the horse.

Judge HOLDEN said further in the same case:

"There are several decisions of this court which support the view announced above, and we can see no good purpose to be served in discussing the question, except to say again that' the private personal possessions of a citizen cannot be searched unless a warrant is first secured to make the search; and we consider packages in the possession of a person, such as suit cases, grips, bundles of wearing apparel, etc., are private personal possessions which cannot be searched without a warrant, unless the party is first lawfully arrested. None of these conditions appear in this case, and Murphy did not know that the jumper had whisky in it; therefore the judgment of the lower court must be reversed and the case remanded. See *Eli Butler* v. *State,* 135 Miss. 885, 101 So. 193."

*Reversed, and appellant discharged.*