## BATES *v.* STATE.*

(Division A.   Oct. 18, 1926.)

[109 So. 730. No. 25497.]

CRIMINAL LAW.

> Testimony obtained by seizing package carried by defendant during search of another's premises *held* inadmissible in liquor prosecution.

*Corpus Juris-Cyc References: Criminal Law, 16CJ, p. 571, n. 93;* Admissibility of evidence obtained by illegal search and seizure, see note in 24 A. L. R. 1408; 5 R. C. L. Supp. 572.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

Vardaman Bates was convicted of the unlawful possession of intoxicating liquor, and he appeals. Reversed and remanded.

*R. A. Wallace,* for appellant.

The trial court erred in admiting the testimony of the officers, Camp, Wilson, Milstead and McGilvray over the objections of the appellant, because the affidavit upon which the search warrant was issued was not produced at the trial and the loss or destruction thereof was not accounted for. *State* v. *Tucker,* 90 So. 845, 24 A. L. R.

1377; *Cuevas* v. *City of Gulfport,* 99 So. 503; *Wells* v. *State,* 100 So. 674; *Nelson* v. *State,* 102 So. 166.

This court has uniformly held, since the decision of the *Tucker case, supra,* that the private, personal possessions of a citizen. cannot be searched . without first securing a search warrant, to make this search, unless the party is first legally arrested. See *Eli Butler* v. *State.* 101 So. 193; *Canteberry* v. *State,* 107 So. 672; *Webb* v. *State,* 108 So. 442.

*Rufus Creekmore,* Special Assistant Attorney-General, for the state.

The first objection of counsel is that the trial court was in error in admitting the testimony of the officers because of the failure to produce the affidavit for the search warrant into evidence or to account for its loss or destruction. This point has no application to the case at bar for the reason that the search warrant was not for a search of the appellant's premises or possessions, and so he is not in a position to object to the search warrant or to the evidence which was obtained by reason of it. *Falkner* v. *State,* 134 Miss. 253, 98 So. 693; *Lee* v. *City of Oxford,* 134 Miss. 674, 99 So. 509; *Ross* v. *State,* 105 So. 846; *Messer* v. *State,* 107 So. 384.

Counsel next argues that this case is controlled by decisions rendered by this court in *Butler* v. *State,* 101 So. 193; *Canterberry* v. *State,* 107 So. 672; and *Webb* v. *State,* 108 So. 442, which cases held that the personal belongings of a citizen cannot be searched until a search warrant is first secured to make the search unless the party is first legally arrested. These cases manifestly would control if the property searched was in fact property belonging to the defendant or of which he had *bona-fide* control or possession.

The testimony of the officers was amply sufficient to justify the jury in finding that at the time the officers came to Smith's house and at the time the search warrant was served on him, the two bottles of whisky were in his ice box and were wrapped up in the same sack in

which they were found by the officers. In other words, at the time of the service of the writ, the whisky was in such a place that the officers had the right to search for and seize it. When the writ was served on him, Smith gave warning to the defendant of the arrival of the officers and of the fact that they were going to search the house, and the testimony is sufficient to justify the jury in finding that it was then that the defendant rushed to the ice box, took out the sack with the liquor in it and attempted to make his get-away, but was caught by the officers before he could escape. The sack was then taken from him and opened and found to contain whisky. It is our contention that the officers were authorized in making this search and seizure by virtue of the provisions of the search warrant which authorized them to search the house and premises of John Smith. This sack of liquor was in the house, in the ice box and unquestionably would be subject to the search except for the fact that the defendant at the time the officers found him, had removed the sack from the ice box and had it in his possession, carrying it under his arm. The evidence was amply sufficient to show joint possession or control over the whisky by the defendant and John Smith. Under these circumstances it must be held that the sack is subject to be searched in the same manner as if it had never been removed from the ice box.

The officers were authorized to search the sack when they arrived at the house of Smith and the subsequent actions of the defendant in exercising control over the sack and in having it in his possession cannot deprive the officers of the rights and powers which they had at the time of the service of the writ on Smith. Furthermore, the evidence conclusively shows that the appellant consented to and invited the officers to make the search which he now complains of.

*Baskin* v. *State,* 92 So. 556, is controlling and the appellant having invited the search cannot now complain of it.

*R. A. Wallace,* in reply, for appellant.

The argument of counsel for the state in his brief is based upon the idea that the whisky taken by the officers from the possession of the appellant was in the ice box in the house of John Smith, at the time of the service of the search warrant authorizing the officers to search the house and premises of John Smith and was, therefore, not actually in the possession of the appellant. After the search warrant and all of the facts were admitted in the evidence at the trial, the jury found that the whisky was in the exclusive possession of and under the control of the appellant and found the appellant's codefendant, John Smith, not guilty. The verdicts returned by the jury and the decisions of this honorable court, wherein it has been uniformly held that one may be in possession of that which he does not own and that the constitutional guaranty against unlawful searches and seizures applies as well to the things a person is in possession of as it does to the things he owns, seems to us to settle the question as to who was in possession of the whisky, when it was seized, in favor of the appellant. The evidence shows, further, that the ice box was not in the room where appellant was found with the sack under his arm and that the sack was dry when the officers took it from his possession.

The appellant testified that he brought the sack into the house and each and every witness testified that the sack was in the hands of the appellant when it was first observed, and the jury so found. Certainly, the appellant did not lose his identity or *status* as a citizen by reason of being in John Smith's house and he cannot be deprived of his constitutional rights in that house any more than if the officers had found him carrying the sack in the peach orchard or pasture. *Webb* v. *State,* 108 So. 442.

COOK, J., delivered the opinion of the court.

The appellant was convicted on a charge of unlawfully having in his possession intoxicating liquor, and, from the sentence imposed, this appeal was prosecuted.

From the testimony in this case it appears that certain peace officers secured a warrant to search the home of John C. Smith. They found Smith on the front gallery of his home and there delivered to him a copy of the warrant. While one of the officers was serving this warrant, the others entered the house and there found this appellant standing in the kitchen with a package under his arm which they took from him. Upon investigation this package proved to be a sack containing two bottles of whisky. The officers testified that the bottles containing the whisky were cold, that they found the impression of two bottles in a cake of ice in a refrigerator in the room, and that they also found a piece of paper in this refrigerator which was similar to the labels on the bottles. They also testified that the sack containing the bottles was dry, but that they found a similar sack lying in front of the refrigerator which was wet.

The appellant and John C. Smith were jointly charged with the possession of this whisky, and, on the trial in the court below, the state offered in evidence the warrant for the search of Smith's home, but no affidavit for a search warrant was produced or offered in evidence. When this warrant was offered, it was objected to on the ground, among others, that it was not shown that it was based upon a proper affidavit. Thereupon counsel for the state announced that they would later show that the affidavit had been lost, but no effort was ever made to show the loss of this affidavit or to prove its contents. When the testimony as to the finding of the whisky was offered, it was objected to on the ground that the evidence was secured by means of an illegal seizure and search. This objection was overruled, and the defendant John C. Smith, was acquitted, while this appellant was convicted.

We think this case comes clearly within the rule announced in the case of *Tucker* v. *State,* 128 Miss. 211, 90 So. 845, 24 L. R. A. 1377, and the long line of cases following that rule, and especially the cases of *Butler* v. *State,* 135 Miss. 885, 101 So. 193, *Canterberry* v. *State,* (Miss.), 107 So. 672, and *Webb* v.. *State* (Miss.), 108 So. 442, in which it was held that the private personal possessions of a citizen cannot be seized and searched without a warrant so to do, unless the party is first lawfully arrested, and that evidence secured by an unlawful seizure and search of such possessions is inadmissible against the party whose rights have been so invaded. In the case at bar, the bundle or package was taken from the person of the appellant, and the evidence secured by an examination of the contents of the package was inadmisible.

The judgment of the court below will therefore be reversed, and the cause remanded.

*Reversed and remanded.*