BURNSIDE *v.* STATE.*

(Division B. Nov. 8, 1926.)

[110 So. 121. No. 25965.]

1. CRIMINAL LAW.

Testimony of officer procuring evidence will be taken as true for purpose of determining whether evidence was secured by unlawful search of person.

2. CRIMINAL LAW. *Evidence secured from woman in scuffle with her and husband, during search of husband's premises, after commanding her to deliver liquor concealed under dress, held procured by unlawful search, and inadmissible.*

Evidence secured from woman who had secreted bottle of liquor under her dress during search of husband's premises by commanding her to deliver the liquor in a threatening manner, and finally securing it in scuffle between her husband, officers, and herself, *held* procured by unlawful search, and inadmissible.

3. CRIMINAL LAW.

When officer, without authority of law, violates security of person by demanding and coercing him into doing something not required by law, as delivery of liquor concealed on person, such act is result of force, and not free and voluntary act.

4. SEARCHES AND SEIZURES.

Search of person may be made in a lawful way.

---

*Corpus Juris-Cyc References: Criminal Law, 16CJ, p. 567, n. 4, 5; p. 571, n. 93. Searches and Seizures, 35Cyc, p. 1271, n. 61 New.

APPEAL from circuit court of Attala county.

HON. W. W. MAGRUDER, Special Judge.

Mary Burnside was convicted of unlawful possession of intoxicating liquor, and she appeals. Reversed, and defendant discharged.

*James T. Crawley,* for appellant.

The court erred in admitting over the objection of the appellant the testimony of witnesses Scrivner and Brazeale. *Cuevas* v. *Gulfport,* 99 So. 503; *Sanders* v. *State,* 106 So. 822; *Brewer* v. *State,* 107 So. 376. The court erred in not sustaining the motion of appellant for a peremptory instruction. *Comby* v. *State,* 106 So. 827; *Robinson* v. *State,* 108 So. 903.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

I. Counsel for appellant objected to the testimony of the officers on the ground that the bottle of liquor was procured by an illegal search of appellant's person and that for this reason the testimony was inadmissible. We admit that if appellant's person was searched, then the testimony was inadmissible. We submit, however, that the proof shows that no search of appellant's person was made. The officer accused her of having a bottle of liquor on her person and perhaps commanded her to deliver it to him. She did not do so. She handed the liquor to her husband and the officers took it from him. The officers did not search her person; they did not force her to deliver the liquor to them or anyone else; they saw her pick up the bottle and deliver it to her husband. The testimony is competent and admissible as she cannot complain that the liquor was taken from her husband illegally, if in fact it was.

II. The state committed no error in not introducing the search warrant for the premises of the defendant or

her husband. Counsel for defendant in the court below did not object to this testimony because the search warrant was not introduced, but he objected to any testimony with reference to the search of appellant's person.

Now he contends that the testimony was inadmissible for another and different reason. The officers testified that they had a good and valid search warrant and that they legally executed same. An objection to the testimony on the ground that no search warrant was produced would no doubt have been sustained by the court unless the state introduced same. The appellant, however, cannot now complain that the search warrant was not introduced. *Heard* v. *State,* 59 Miss. 545; *Morris* v. *Henderson,* 37 Miss. 492; *Wesling* v. *Noonan,* 31 Miss. 599; *Howard* v. *Town of Newton,* 108 Miss. 548.

In *Cuevas* v. *Gulfport,* 99 So. 503; *Sanders* v. *State,* 106 So. 822, and *Brewer* v. *State,* 107 So. 376, specific objections were made to the testimony because the search warrant was not introduced in evidence and the court held in these cases that the testimony was admissible. These cases are, therefore, not applicable to the facts here.

Argued orally by *J. T. Crawley,* for appellant, and *J. A. Lauderdale,* Assistant Attorney-General, for the state.

HOLDEN, P. J., delivered the opinion of the court.

Mary Burnside appeals to this court from a conviction upon the charge of unlawful possession of intoxicating liquor. The appellant urges reversal on the ground that the intoxicating liquor offered in evidence in the case was secured by an unlawful search of her person, and that, therefore, the testimony of the officers was inadmissible at the trial, and that without it no conviction could be had.

Briefly stated, the circumstances of the case are as follows:

Certain officers of Attala county procured a search warrant, and were searching the premises of Marshall Burnside, who was the husband of the appellant, Mary Burnside. While searching the premises, one of the officers saw the appellant, who had gone into the back yard, pick up a small flat bottle, and place it under her dress. He could not tell what, if anything, the bottle contained at that time. This officer followed appellant around over the premises, and demanded of her that she give him the whiskey she had under her dress; and finally appellant, after having been followed through the fence and watermelon patch, disclosed the liquor which was demanded of her, and, after a scuffle between her husband, the officers, and herself, the officers took the liquor from her.

We shall here set out the testimony of the officer, which is to be taken as true, for the purpose of passing on the legal question involved. The officer testified as follows:

"A. She picked the bottle up and run it under her dress, and started walking off, and climbed through a fence in the hog lot, and went out on the back side, and I followed her, and she turned off down at the well, and went through a watermelon patch, and by the time she got to the watermelon patch I was close to her, and walked right on in behind her, and we talked about the watermelons, and by that time she had got to the other end of the watermelon patch, and I walked in ahead of her, and asked her where she was going. She said she was going to another watermelon patch, and I told her, I says, 'No, you give me that whiskey you got there.' And she began to holler and squall, and wheeled back and started back towards the house, and I followed along by her—I never put my hands on her—and we got back nearly to the house and met Marshall Burnside, and Mr. Lee Breazeale and Mr. Tom Breazeale was with me down there, and I told Marshall that his wife had some

whisky, and he said he did not know she had any, and I says, 'I know it, I saw her pick it up. I told him I hadn't searched her, but that she had it, and Marshall went back and asked her about the whisky. . . . And she said, 'Yes, I have got that what you had this morning,' and she started to pull it out, and about that time Marshall grabbed the whisky and Tom Breazeale grabbed for it, and they spilled some of it in the scuffle, but we got about a fourth of a pint, I suppose.''

Counsel for the appellant urges that the liquor was unlawfully secured, in that the appellant was commanded by the officer to take the liquor from under her dress and deliver it to him at a time when she was not under arrest, nor had the officer seen any offense committed by her in his presence; that the method of obtaining the liquor from the person of the appellant amounted to an unlawful search of the person; that, therefore, the testimony of the officers was inadmissible, and ought to have been excluded by the court.

We think the contention is well grounded. Under the circumstances, the officer had no right to search the person of the appellant, nor should he have commanded her to deliver to him the article concealed under her clothes. The officer, in what appears to have been a threatening manner, followed the appellant around over her premises, commanding her to deliver to him the article concealed on her person, and finally took it in this intimidating manner.

We think the method pursued by the officer in obtaining this liquor was an undignified species of coercion, which was equivalent to a forcible search of the appellant's person without authority of law so to do; and, for that reason, the testimony of the officer was inadmissible, and the conviction must be reversed and the appellant discharged.

Law officers are to be commended in their laudable efforts to secure testimony against violators of the law; but there is a regular and orderly way of doing this.

which the officer should bear in mind. The ordinary person who is approached by an officer has respect for the authority of the officer, and will, generally, through respect or fear, do whatever the officer commands to be done; and when the officer, without authority of laws, violates the security of the person of the citizen by demanding and coercing him into doing something not required by law to do, then such an act of the person is not a free and voluntary act, but is the result of force by reason of the threatening and coercive attitude of the officer. *Butler* v. *State*, 135 Miss. 885, 101 So. 193.

The search of a person may be made in a lawful way, but it was unlawful in this case to compel this woman, in the manner pursued by the officer, to disclose and deliver to him an article concealed on her person under her dress. He did not even know what the bottle contained. The zeal of the officer blinded him to the rights of personal privacy of the citizen.

For the reason given, the judgment of the lower court is reversed, and appellant discharged.

*Reversed, and appellant discharged.*