DAVIS *v.* CITY OF COLUMBUS.

Division A. Oct. 1, 1951.

No. 37999 (54 So. (2d) 275)

182

**H. T. Carter,** for appellant.

**Joe T. Patterson,** Assistant Attorney General, for appellee.

**McGehee, C. J.**

This is an appeal from a conviction of the appellant, Cora Lee Davis, for the possession of intoxicating liquor.

The gallon glass jug of whiskey in question was seized and removed by an officer from the room of the appellant at the home of one Emma Nelson, her landlord, and without a search warrant for any part of the premises.

This and another officer had been requested by another woman to go to the Queen City Hotel in the Negro residential section of the City of Columbus for the purpose of apprehending a man whom she claimed had taken more than $100 of her money and left her home with it. Upon their arrival at the Queen City Hotel, the two officers were informed that the man they were looking for could likely be found at the home of Emma Nelson. They went to the Nelson home, knocked on the door, heard someone say "Wait a minute" and then heard some "walking and scuffling" in the house as if someone was making their escape. Thereupon, one of the officers started around the house to intercept the person who was alleged to have taken the money in the event he should leave the house through the back door. As this officer started around the house, he saw the appellant holding the one gallon glass jug out the window in her hand, saying to a Negro boy in a "fast manner of speech, "Here, get rid of this." And thereupon the appellant, on seeing the officer approaching about six feet from the window, lifted the glass jug back into her room and was commanded by the officer to "set that whiskey down, girl", and according to the testimony of the officer, "She set it down right inside the window and I reached in the window and picked it up."

After arriving at the police station some distance away, the officer discovered for the first time that contents of the jug was actually whiskey. The officers had not gone to the house to search for whiskey, but had gone there for the purpose of ascertaining whether or not the Negro man who was alleged to have taken the money could be found in the house. The other officer was admitted into the house through the front door and found the man

he was looking for sitting on the couch in the living room.

It was contended by the appellant, and we think correctly so, that the command of the officer that she "Set that whiskey down, girl" and his action in reaching into her room to remove the jug therefrom constituted an unlawful invasion of her place of abode, and that the evidence thus obtained could not be legally used against her upon her trial on the charge of possessing intoxicating liquor since the officer freely admitted that he did not know that it was whiskey until after he opened the glass jug at the police station. We are of the opinion that under the case of Burnside v. State, 144 Miss. 405, 110 So. 121 the appellant was entitled to a directed verdict in her favor, as requested. We are unable to distinguish that case in principle from the case at bar. What transpired amounted to compelling the appellant to disclose and make available the evidence against her, and without authority of law, as was done in the Burnside case, supra.

The cause is therefore reversed and the appellant discharged.

Reversed and judgment here for appellant.