JONES *v.* STATE.

Jan. 19, 1953

No. 38592        16 Adv. S. 32        62 So. 2d 334

*H. T. Carter,* for appellant.

*Geo. H. Ethridge,* Assistant Attorney General, for appellee.

ETHRIDGE, J.

Appellant, Babbs Jones, was convicted in the Circuit Court of Lowndes County of the unlawful possession of intoxicating liquor. He had appealed from a prior judgment of conviction in a justice of the peace court. Ap-

pellant did not testify and offered no witnesses. The state's case was presented through three witnesses, the sheriff and two deputy sheriffs, who participated in the search and seizure of the liquor which was the evidence serving as the basis of the state's case. We hold that the search was illegal and that this evidence was improperly admitted.

Sheriff C. E. Farmer of Lowndes County and two of his deputies, Tom Glover, Sr. and Jr., obtained a search warrant to search the premises of Earl Wilson, who apparently operated a rural store at which beer was sold. Wilson's place of business was about 75 yards from the highway. As the officers in their car turned off of the highway toward Wilson's place, they saw a woman's head appear through a glass window in the building and immediately disappear. Wilson ran out of the back of his place of business, toward which the driveway went, and conferred hurriedly with appellant, a negro man who was wearing a yellow oil-skin coat. Immediately appellant ran into a field in the back of Wilson's place, down a beaten path. By that time, the officers' car had come to a stop at the rear of Wilson's place. The sheriff immediately walked in and served the search warrant upon Wilson. Tom Glover, Jr., who was driving, jumped out of the car and ran after the appellant. The field across which appellant ran was about 40 yards in depth, and at its far edge there began a wooded tract which dipped into a steep declivity or ditch, down the side of which there was a path. The shrubbery was rather thick and for a short time Glover lost sight of appellant. During the chase, Glover says that he shot "one time in the ground right at my feet and kept running." The deputy sheriff chased appellant down into the hollow, where appellant became exhausted and stopped. During the latter part of the chase, appellant had in his hand a suitcase. He dropped it shortly before Glover caught up with him. Glover said that he smelled whiskey from the

broken bottles in the suitcase when he was about 20 yards away from it, after it had been placed on the ground. Appellant was leaning against a tree about ten feet away from the suitcase when Glover ran up, told him to stay where he was, opened the suitcase, and found in it whiskey and broken bottles. The deputy then arrested appellant. Returning to his car, the officer observed that at the end of the path leading from Wilson's place, about 35 yards from it, there was a square mark in the sage grass where some object had sat for sometime, which was approximately the size of the suitcase found in appellant's possession. Objections were made to this evidence but they were overruled by the trial court.

This court adopted in 1922 the Federal rule that ▇▇▇ evidence obtained by an illegal search and seizure, or without a warrant for arrest when no misdemeanor was being committed in the officer's presence, is inadmissible. Tucker v. State, 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377 (1922). ▇▇▇ Here the officers had no warrant for appellant's arrest. When the search and seizure of the suitcase in appellant's possession began, that is, when the chase began, appellant was not committing any misdemeanor or other offense in the officer's presence. The search warrant for Wilson's premises did not authorize a search of the person and possessions of Jones, who happened to be at Wilson's place. Hence there was no authority for this search and seizure.

In Butler v. State, 135 Miss. 885, 101 So. 193 (1924), Eli Butler was walking down a street in Natchez at about 4 A.M. with a charcoal bag under his arm. A policeman commanded him to stop, whereupon Eli began to run. The policeman then fired three pistol shots at him, which caused Eli to drop his sack to the sidewalk, following which Eli increased his speed and temporarily evaded the officer. A search of the sack revealed that it contained whiskey. Eli's conviction of possession of in-

toxicating liquor was reversed. It was said that the officer had no warrant for his arrest, and that he was not violating the law in the presence of the officer, so far as the officer knew at the time he undertook to make the unlawful arrest and search. The officer was violating the criminal laws of the state by firing upon Eli, and what was done was in effect a forceable search and seizure of a private possession of Eli, in violation of Mississippi Constitution Sec. 23, prohibiting unreasonable search and seizure, and Sec. 26, under which a person "shall not be compelled to give evidence against himself."

In Burnside v. State, 144 Miss. 405, 110 So. 121 (1926), officers had a search warrant to search the premises of Marshall Burnside, who was the husband of appellant, Mary Burnside. While searching the premises, one of the officers saw appellant, who had gone into the back yard, pick up a small flat bottle and place it under her dress. This bottle was forceably taken away from Mary. She was convicted of unlawful possession of intoxicating liquor, but upon appeal this conviction was reversed and appellant was discharged. The court held that the officer had no right to search appellant's person nor to compel her to give him the bottle. His actions were equivalent to a forceable search of appellant's person without authority of law. It was said that the right of personal privacy of the citizen is superior to the zeal of the officer. And in Haney v. State, 43 So. 2d 383 (Miss. 1949), there was also a search warrant issued, this time for a search of appellant's automobile. The liquor was found upon the rear seat in a purse belonging to Mrs. Haney. This evidence was used to convict her husband. On appeal the case was reversed and appellant discharged. It was stated that the officer was authorized to arrest appellant without a warrant only if the misdemeanor was being knowingly committed in his presence. Mere suspicion, later vindicated by what was

found, was not sufficient. ". . . It is the law and not suspicion that we must vindicate . . . (we must) elevate the requirement of due process above the incidental escape of one guilty." The evidence was inadmissible.

Canteberry v. State, 142 Miss. 462, 107 So. 672 (1926), involved a situation where appellant rode his horse into town and hitched him in the public square. The city marshal observed him get off of his horse and stagger as if under the influence of liquor. After appellant went to a store, the marshal approached his horse and claimed to have smelled whiskey as he got near. Appellant had left a bundle, which was a jumper folded together, tied to the horn of his saddle. The marshal said he observed the imprint of a bottle in the jumper, so he searched it and found whiskey. The officer had no warrant. The evidence was held to be inadmissible, under the *Tucker* rule.

In Webb v. Town of Sardis, 143 Miss. 92, 108 So. 442 (1926), the officer made a search of appellant without a search warrant and took from his hands a suitcase in which the whiskey was found. The *Tucker* rule applied. In Fulton v. City of Philadelphia, 168 Miss. 30, 148 So. 346 (1933), an officer ordered appellant to stop. They did not see him committing any offense. Appellant ran, the officer fired at him with his pistol, and as appellant ran around the house he encountered the sheriff. He immediately broke two bottles of whiskey upon the sidewalk. There was no warrant for appellant's arrest. The seizure of this evidence was held to violate Miss. Constitution Secs. 23 and 26, citing the *Butler* and *Burnside* cases. The case was reversed and appellant discharged. And in Davis v. City of Columbus, 212 Miss. 181, 54 So. 2d 275 (1951), officers went to a house in which appellant rented a room, for the purpose of locating a man against whom they had a complaint. They had no search warrant nor any warrant for appellant's

arrest. As the officers started around the house, one saw appellant put a one-gallon glass jug out of the window, directing a boy "to get rid of this." Appellant, seeing the officer, lifted the glass jug back into her room. The officer directed her to set the whiskey down, which she did right inside the window. The officer reached in, picked it up, and this evidence was used at the trial. On appeal it was held that the seizure was illegal, citing the *Burnside* case, so the conviction was reversed and judgment rendered here for appellant.

To offset these decisions, the state relies only upon West v. State, 42 So. 2d 751 (Miss. 1949), but we do not think that case is applicable. Officers had a search warrant for appellant's place of business. During the search appellant's son went out of the front door with a paper bag in his hand. An officer took it from the boy and found that it contained four bottles of whiskey. Appellant immediately admitted that it belonged to him and stated that he had told the boy to run with it. No charge was filed against the boy. Appellant was convicted of possession of liquor. It was said that there was no search of the boy's person but simply a removal of the paper bag from his hands; and that the bag which the officer saw was being removed from the very premises which he was authorized to search. The search warrant covered appellant's premises and there was no illegal search of appellant. Assuming for present purposes that the taking of the bag from the boy was an illegal search of him still he was not charged with any offense. Appellant could not complain when none of his own rights were violated. In all of the cases referred to above, the illegal search was made of the possessions of the convicted party, who could properly raise that issue.

Although the limitations of the Constitution and judicial interpretations of it circumscribe and hamper in some respects activities of police officers in apprehending criminals, the constitutional prohibitions of illegal

search and seizure articulate historical principles essential to a free society. Those considerations greatly outweigh the fact that such requirements place restrictions upon law enforcement officers in their methods of obtaining competent evidence. Appellant was convicted with evidence obtained in a manner prohibited by Mississippi Constitution Secs. 23 and 26, so we must, therefore, reverse the judgment of conviction and discharge appellant.

Reversed and appellant discharged.

*Roberds, P. J.,* and *Kyle, Holmes,* and *Arrington, JJ.,* concur.